IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br><br>Plaintiff,<br><br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, et al,<br><br>Defendants. | Case No. 21-cv-2443-RC |

**JOINT MOTION TO STAY LITIGATION**

Defendants, the National Labor Relations Board, et al. (the Board), and Plaintiff, Service Employees International Union (SEIU), jointly move the Court to issue an order staying the litigation in this case for six months, in light of the Board's stated intent to revisit the rule that is the subject of this litigation. In support of this Motion, the Parties state as follows:

**Procedural Posture**

1. This case involves a challenge to a final rule (85 Fed. Reg. 11184) issued by the Board on February 26, 2020 (Rule). The Rule establishes a standard for determining whether two employers are a joint employer under the National Labor Relations Act [29 U.S.C. §§151-169].

2. On September 17, 2021, SEIU filed its Complaint against the Board, and the five individual Board members, seeking declaratory judgment and injunctive relief from the Rule (Doc. No. 1). The Board's Answer to the Complaint is due on December 27, 2021.

3. On December 6, 2021, the Chamber of Commerce of the United States of America and the International Franchise Association (Proposed Intervenors), filed a Motion to Intervene as defendants (Doc. No. 26). The Board and SEIU's response to this Motion is now due on January 10, 2022 (Minute Order December 10, 2021).

4. On December 10, 2021, the Board announced, by publication in the Fall 2021 Unified Agenda of Regulatory and Deregulatory Actions, its intent to engage in further rulemaking on the issue of the joint employment standard and to issue a Notice of Proposed Rulemaking on the subject by February 2022. OFFICE OF INFORMATION AND REGULATORY AFFAIRS, UNIFIED AGENDA—NLRB JOINT EMPLOYER, https://www.reginfo.gov/public/do/eAgendaViewRule?pubId=202110&RIN=3142-AA21 (Fall 2021).

5. Counsel for the Board spoke with Counsel for Plaintiff SEIU regarding this Motion. Plaintiff has stated that it will fully join this Motion and the requested relief sought.

6. Counsel for the Board informed the Proposed Intervenors of its intent to file the current motion seeking a stay of all litigation, which would include a stay of all preexisting filing deadlines. Counsel for Proposed Intervenors has notified the Board that Proposed Intervenors oppose the requested stay to the extent that the stay would delay the January 10, 2022 deadline for the filing of oppositions to their pending motion to intervene, and the Proposed Intervenors contend their motion to intervene should be resolved before any stay is entered.

## Argument

7. Where, as here, an agency has announced a clear intent to revisit a rule subject to litigation, this Circuit has long held that the agency *should* seek to have the litigation stayed or remanded. *See Anchor Line Ltd. v. Fed. Mar. Comm'n,* 299 F.2d 124, 125 (D.C. Cir. 1962) ("when an agency seeks to reconsider, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency.")

8. Courts, in turn, liberally grant requests to remand or stay litigation pending agency action. *See, e.g.*, *SKF USA, Inc. v. United States,* 254 F.3d 1022, 1029–30 (Fed. Cir. 2001) (citations omitted) (noting that voluntary remand is "required, absent the most unusual circumstances bordering on bad faith."). Granting such requests generally serves the interests of the courts, the agency, and the public, as it preserves resources that would otherwise be spent defending a

soon-to-be revisited rule. *Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018) ("Remand has the benefit of allowing agencies to cure their own mistakes rather than wasting the courts' and the parties' resources[.]")

9. The standards for such a request are laid out in *Limnia, Inc. v. U.S. Department of Energy,* 857 F.3d 379 (D.C. Cir. 2017). An agency's request for remand (or, in this case, abeyance) need not "confess error or impropriety;" the agency is only required to "profess intention to reconsider, re-review, or modify the original agency decision that is the subject of the legal challenge." *Id.* at 387. Courts will also consider whether a stay will unduly prejudice any party. *E.g.*, *FBME Bank Ltd. v. Lew*, 142 F. Supp. 3d 70, 74–75 (D.C. Cir. 2015) (rejecting plaintiff's claims of prejudice in response to agency's voluntary remand request).

10. The Board, as indicated by its public notice on the Unified Agenda, has announced its intent to engage in future rulemaking on the very rule being challenged in the current litigation. This announcement has already generated significant media attention[1] and there is no evidence that this future rulemaking is based on bad faith. Consistent with the requirements in *Limnia,* the Board is announcing a good faith intent to revisit its prior policy determinations in this area of law.

---

[1] *E.g.,* Robert Iafolla, *NLRB's 'Joint Employer' Standard Set for Regulatory Revamp,* BNA, Dec. 10, 2021, https://news.bloomberglaw.com/daily-labor-report/nlrbs-joint-employer-standard-set-for-regulatory-revamp.

11.     The requested stay will not prejudice any party to this case. The Board has acted promptly in seeking this stay, as the agency announced its intent to revisit the Rule less than 2 weeks ago. *Cf. Steinberg v. Department of Justice,* 23 F.3d 548, 551 (D.C. Cir, 1994) (denying voluntary remand where agency waited six months to file request). Plaintiff SEIU has joined in the Board's Motion and does not assert any prejudice. The current Rule will remain in effect during the requested stay unless superseded by a new Final Rule on the subject. Further, Plaintiff, the Proposed Intervenors, and the public at large will have a chance to provide input on any proposed changes to the existing Rule through the rulemaking process.

12.     Proposed Intervenors oppose the stay only to the extent that it delays consideration of their requested intervention. There is, however, no need to address that issue in advance of the requested stay. There are, in the Board's view, serious and difficult questions of standing that will need to be decided as part of the intervention question. The Board's intent in this matter is to begin a formal rulemaking process during the stay that will obviate the need to decide *any* of the matters presented by this litigation, including the procedural intervention question. *E.g., Planned Parenthood of Wis. v. Azar,* 942 F.3d 512, 515 (D.C. Cir. 2019); *Nat'l Min. Ass'n v. Dep't of Interior,* 251 F.3d 1007, 1011 (D.C. Cir. 2001). By issuing a stay of all matters in this case, the Court avoids deciding this thorny issue

that will almost certainly be mooted by later agency action. Further, issuing a blanket stay has the added benefit of conserving the resources of the Court, the Board, and the parties to this matter. Finally, if for some unexpected reason the litigation is not mooted by the end of the stay, the intervention issue can be decided at that time with no prejudice to the Proposed Intervenors.

WHEREFORE, the Board and SEIU respectfully request that the Court stay the current litigation, including all preexisting filing deadlines, and hold the case in abeyance for 6 months from the date of the Court's Order. The parties further request that the Board file status reports with the Court every 60 days from the date of the order.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD

/s/ Dean Owens
Dalford Dean Owens, Jr.
Supervisory Attorney
202-273-2934
dean.owens@nlrb.gov

Christine Flack
Attorney
202-273-2842
christine.flack@nlrb.gov

Paul Augustus Thomas
Attorney
(202) 273-3788
paul.thomas@nlrb.gov

6

        Tyler James Wiese
        Attorney
        952-703-2891
        tyler.wiese@nlrb.gov

        Contempt Compliance & Special Litigation Branch
        1015 Half Street SE
        Fourth Floor
        Washington, DC 20003

Dated December 22, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, ) ) ) ) Plaintiff, ) v. ) ) NATIONAL LABOR RELATIONS BOARD, et al., ) ) ) ) Defendants. ) ) | Case No. 21-cv-2443-RC |

**[PROPOSED] ORDER**

This Court is in receipt of the Joint Motion to Stay Litigation by Defendants, the National Labor Relations Board, et al. (Board), and Plaintiff, Service Employees International Union (SEIU). The Board and SEIU request that the litigation be stayed and held in abeyance for 6 months until [6 months from date of order]. The parties further request that the Board be required to file status reports with the Court every 60 days to update on the progress of its rulemaking. The parties also request that the Court retain jurisdiction during the pendency of the Stay. The motion is GRANTED. The litigation is stayed until [6 months from date of order] and the Board shall file status reports every 60 days from the date of this Order. All preexisting filing deadlines are stayed and subject to further order of the court.

SO ORDERED.

Dated this _____ day of _____, 2021.

>                                  _____
>                                  Judge Rudolph Contreras
>                                  United States District Judge

## **CERTIFICATE OF SERVICE**

I certify that on December 22, 2021, I filed the foregoing Joint Motion to Stay Litigation with this Court using the CM/ECF filing system, and a copy is being served on the ECF Filers electronically by the Notice of Docket activity.

/s/ Dean Owens
Dalford Dean Owens, Jr.
Attorney
202-273-2934
dean.owens@nlrb.gov