IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, <br><br> Plaintiff, <br><br> v. <br><br> NATIONAL LABOR RELATIONS BOARD, et al., <br><br> Defendants. | Case No. 21-cv-2443-RC |

**NATIONAL LABOR RELATIONS BOARD'S UNOPPOSED MOTION FOR FURTHER EXTENSION OF LITIGATION STAY**

Pursuant to the Minute Order entered on April 1, 2024, all proceedings and deadlines in this case are stayed until April 8, 2024. The National Labor Relations Board, et al. (the Board), moves the Court to issue an order briefly extending the stay in this case until April 22, 2024. In support, the National Labor Relations Board (Board) states the following facts:

This case involves a challenge to a final rule (85 Fed. Reg. 11,184) issued by the Board on February 26, 2020 (2020 Rule). The 2020 Rule establishes a standard for determining whether two employers are a joint employer under the National Labor Relations Act (NLRA) [29 U.S.C. §§151-169]. On October 26, 2023, following a period of notice and comment, the Board published a new final rule regarding the standard for determining whether two employers are a joint employer under the NLRA (88 Fed. Reg. 73,946) (2023 Rule). Additional procedural background of this case is set forth in the Defendant's March 13, 2023 Unopposed Motion for Further Extension of Litigation Stay [ECF No. 44], at paragraphs 1-9, and the Defendant's

March 7, 2024 Unopposed Motion for Further Extension of Litigation [ECF No. 49], which the parties incorporate by reference.

As the Board noted in the most recent Joint Motion for Extension of the Stay [ECF No. 50], on March 8, 2024, the Eastern District of Texas issued a decision (as corrected on March, 18, 2024) in *Chamber of Commerce of United States v. National Labor Relations Board*, 23-cv-00553 (JCB), 2024 WL 1203046, ___ F.Supp.3d _____ (Mar. 18, 2024). In that decision, the district court found that it had subject-matter jurisdiction to decide the challenge to the Board's 2023 Rule. *Id.* at *11. On the merits, the district court vacated the 2023 Rule and also vacated the Board's action of rescinding the 2020 Rule. *Id.* at *15-16.

The Board is currently in the process of assessing its options as it relates to litigation regarding the 2023 Rule and the 2020 Rule challenged in this litigation. To enable the Board to do so in a manner that minimizes expenditure of the resources of this Court, the Board requests an additional short, two-week stay of this litigation through April 22, 2024.

The Board has consulted with counsel for Plaintiff, who do not oppose the requested extension.

        Respectfully submitted,

        NATIONAL LABOR RELATIONS BOARD

        /s/ Tyler Wiese
        Tyler James Wiese
        Senior Trial Attorney
        952-703-2891
        tyler.wiese@nlrb.gov

        Christine Flack
        Supervisory Attorney
        202-273-2842
        christine.flack@nlrb.gov

                                  Contempt, Compliance, and Special
                                  Litigation Branch
                                  1015 Half Street SE
                                  Fourth Floor
                                  Washington, DC 20003

Dated April 8, 2024

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,  )<br>)<br>Plaintiff,  )<br>v.  )<br>)<br>NATIONAL LABOR RELATIONS BOARD, et al.,  )<br>)<br>Defendants.  )<br>) | Case No. 21-cv-2443-RC |

**[PROPOSED] ORDER**

This Court is in receipt of the National Labor Relations Board's Unopposed Motion for Further Extension of Litigation Stay. The Motion is GRANTED. All proceedings and deadlines in this case are stayed until April 22, 2024.

SO ORDERED.

_____
Judge Rudolph Contreras
United States District Judge

Dated this _____ day of _____, 2024.

5

## **CERTIFICATE OF SERVICE**

      I certify that on April 8, 2024, I filed the foregoing Joint Motion for Further Extension of Litigation Stay with this Court using the CM/ECF filing system, and a copy is being served on the ECF Filers electronically by the Notice of Docket activity.

      /s/ Tyler Wiese
      Tyler James Wiese
      Senior Trial Attorney
      952-703-2891
      tyler.wiese@nlrb.gov