# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NATIONAL LABOR RELATIONS BOARD, et al.,<br><br>　　　　　Defendants. | Case No. 21-cv-2443-RC |

## UNOPPOSED MOTION TO HOLD LITIGATION IN ABEYANCE AND STATUS REPORT

Plaintiff Service Employees International Union ("SEIU") moves the Court to hold this litigation in abeyance, pending the National Labor Relations Board's ("NLRB" or "Board") action on petitions for joint-employer rulemaking currently pending before the NLRB. Defendant NLRB has informed Plaintiff that Defendant does not oppose this Motion. In support of its Motion, SEIU states as follows:

### PROCEDURAL POSTURE

1.　　This case involves a challenge to a final rule (85 Fed. Reg. 11184) issued by the Board on February 26, 2020 (the 2020 Rule). The 2020 Rule established a standard for determining whether two employers are a joint employer under the National Labor Relations Act [29 U.S.C. §§151-169].

2. On September 17, 2021, SEIU filed its Complaint against the Board, and the then-five individual Board members, seeking declaratory judgment and injunctive relief from the 2020 Rule. ECF No. 1.

3. On or about September 7, 2022, the NLRB published a notice of proposed rulemaking in the Federal Register that, *inter alia*, proposed to rescind and replace the 2020 Rule challenged in this litigation.

4. On or about October 27, 2023, the Board published its final rule regarding the standard for determining whether two employers are a joint employer under the National Labor Relations Act [29 U.S.C. §§151-169] (the 2023 Rule). The 2023 Rule rescinded, in its entirety, the 2020 Rule challenged in this litigation.

5. The Plaintiff in this action filed a petition in the Court of Appeals for the D.C. Circuit challenging certain aspects of the 2023 Final Rule. *See SEIU v. NLRB*, Case No. 23-1309. That case raised certain questions concerning this Court's subject-matter jurisdiction to hear the instant action. In light of those questions, on or about April 30, 2024, this Court entered a Minute Order staying this litigation until the D.C. Circuit resolved those jurisdictional questions in Case No. 23-1309.

6. On or about March 8, 2024, the District Court for the Eastern District of Texas issued a decision (as corrected on March 18, 2024) in *Chamber of Commerce of United States v. National Labor Relations Board*, 23-cv-00553

(JCB), 2024 WL 1203056, _ F. Supp. 3d _ (Mar. 18, 2024). In that decision, the district court found that it had subject-matter jurisdiction to decide the challenge to the 2023 Rule. *Id.* at *11. On the merits, the district court vacated the 2023 Rule and also vacated the Board's action of rescinding the 2020 Rule. *Id.* at *15-16.

7. The NLRB filed a notice of appeal appealing the district court's March 18, 2024 decision to the U.S. Court of Appeals for the Fifth Circuit. On or about July 19, 2024, the NLRB voluntarily dismissed its appeal in the Fifth Circuit Court of Appeals. In its motion for voluntary dismissal, the NLRB noted that "the Board would like the opportunity to further consider the issues identified in the district court's opinion in the first instance" and that "the Board has several rulemaking petitions on its docket regarding the joint employer issue raising similar issues." *NLRB v. Chamber of Com. of the U.S.*, Case No. 24-40331, ECF No. 30 (July 19, 2024). The Fifth Circuit Court of Appeals granted the NLRB's Motion for Voluntary Dismissal on the same day.

8. On or about August 13, 2024, the NLRB and SEIU filed a joint motion to dismiss SEIU's original action in the D.C. Circuit. As reflected in that joint motion to dismiss, the SEIU's action challenging certain aspects of the 2023 Rule had been mooted by the NLRB's withdrawal of its appeal of the Eastern District of Texas decision vacating the 2023 Rule. *See SEIU v. NLRB*, Case No. 23-1309, Doc. No. 2069613. As a result of that stipulation of dismissal, the D.C.

3

Circuit will not be called upon to resolve the jurisdictional questions underlying this Court's April 30, 2024 Stay of Proceedings. *See* Paragraph 5, *supra*.

9. On August 26, 2024, the Clerk of the Court for the D.C. Circuit issued an Order dismissing the SEIU's Petition. The mandate issued the same day.

10. Pursuant to the Court's order dated April 30, 2024, the parties are required to file a joint status report within two weeks of the D.C. Circuit's resolution of the jurisdictional issue in Case No. 23-1309. Thus, a status report is due as of the date of this filing. The Board agrees with the status of the case set forth in this motion.

11. Notwithstanding dismissal of the D.C. Circuit action, as reflected in its motion for dismissal filed with the Fifth Circuit, the NLRB currently has before it multiple petitions for joint-employer rulemaking. Plaintiff respectfully requests to extend the stay of this litigation until the NLRB acts on those pending petitions, either by initiating new rulemaking proceedings or by denying the petitions.

## ARGUMENT

12. Where an agency has announced an intent to revisit a rule subject to litigation, courts within this Circuit have long held that the agency should seek to have the litigation stayed or remanded. *See Anchor Line Ltd. v. Fed. Mar. Comm'n,* 299 F.2d 124, 125 (D.C. Cir. 1962) ("when an agency seeks to reconsider its

action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency.").

13. Courts, in turn, liberally grant requests to remand or stay litigation pending agency action. *See, e.g.*, *SKF USA, Inc. v. United States,* 254 F.3d 1022, 1029–30 (Fed. Cir. 2001). Granting such requests generally serves the interests of the courts, the agency, and the public, as it preserves resources that would otherwise be spent defending a soon-to-be revisited rule. *See Util. Solid Waste Activities Grp. v. EPA*, 901 F.3d 414, 436 (D.C. Cir. 2018).

14. The requested further extension of the stay until the NLRB acts on the pending petitions for joint-employer rulemaking will not prejudice any party to this case. The NLRB does not oppose the relief sought in this Motion. And the Proposed Intervenors will not be harmed by a further extension of the stay because, as a result of the judgment vacating the 2023 Rule, including its recission of the 2020 Rule, entered by the District Court for the Eastern of District of Texas, during the additional requested stay, the 2020 Rule the Proposed Intervenors seek to defend will remain in effect.

WHEREFORE, the SEIU respectfully requests that the Court hold the current litigation in abeyance until the NLRB acts on the pending petitions for joint-employer rulemaking before the Board.

Respectfully submitted,

/s/ Adam Bellotti
Leon Dayan
Adam Bellotti
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
(202) 842-2600
abellotti@bredhoff.com

John D'Elia
Service Employees International Union
1800 Massachusetts Avenue, N.W.
Legal Department, Floor 6
Washington, D.C. 20036
(202) 730-7168
john.delia@seiu.org

*Counsel to the Plaintiff*

Dated: September 12, 2024