# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION, | )<br>)<br>)<br>) |
| Plaintiff, | ) Case No. 21-cv-2443-RC<br>) |
| v. | )<br>) |
| NATIONAL LABOR RELATIONS BOARD, et al., | )<br>) |
| Defendants. | )<br>)<br>) |

## PARTIES' JOINT STATUS REPORT AND REQUEST FOR SCHEDULING CONFERENCE

Plaintiff Service Employees International Union ("SEIU") and Defendant National Labor Relations Board ("NLRB") submit this Joint Status Report in response to the Court's February 12, 2025 Minute Order directing the parties to meet, confer, and submit a joint status report on or before March 12, 2025. As further reflected in this Joint Status Report, the parties are jointly requesting that the Court convene a scheduling conference so the Court may set a briefing schedule concerning pending motions and the parties' anticipated dispositive motions.

## PROCEDURAL POSTURE

1. This case involves a challenge to a final rule (85 Fed. Reg. 11184) issued by the Board on February 26, 2020 (the 2020 Rule). The 2020 Rule

established a standard for determining whether two employers are a joint employer under the National Labor Relations Act [29 U.S.C. §§ 151-169].

2. On September 17, 2021, SEIU filed its Complaint against the Board, and the then-five individual Board members, seeking declaratory judgment and injunctive relief from the 2020 Rule. ECF No. 1.

3. On or about September 7, 2022, the NLRB published a notice of proposed rulemaking in the Federal Register that, *inter alia*, proposed to rescind and replace the 2020 Rule challenged in this litigation.

4. On or about October 27, 2023, the Board published its final rule regarding the standard for determining whether two employers are a joint employer under the National Labor Relations Act [29 U.S.C. §§ 151-169] (the 2023 Rule). The 2023 Rule rescinded, in its entirety, the 2020 Rule challenged in this litigation.

5. The Plaintiff in this action filed a petition in the Court of Appeals for the D.C. Circuit challenging certain aspects of the 2023 Final Rule. *See SEIU v. NLRB*, Case No. 23-1309. That case raised certain questions concerning this Court's subject-matter jurisdiction to hear the instant action. In light of those questions, on or about April 30, 2024, this Court entered a Minute Order staying this litigation until the D.C. Circuit resolved those jurisdictional questions in Case No. 23-1309.

6. On or about March 8, 2024, the District Court for the Eastern District of Texas issued a decision (as corrected on March 18, 2024) in *Chamber of Commerce of United States v. National Labor Relations Board*, 23-cv-00553 (JCB), 2024 WL 1203056, 723 F. Supp. 3d 498 (Mar. 18, 2024). In that decision, the district court found that it had subject-matter jurisdiction to decide the challenge to the 2023 Rule. *Id.* at 512-13. On the merits, the district court vacated the 2023 Rule and also vacated the Board's action rescinding the 2020 Rule. *Id.* at 517-19.

7. The NLRB filed a notice of appeal appealing the district court's March 18, 2024 decision to the U.S. Court of Appeals for the Fifth Circuit. On or about July 19, 2024, the NLRB voluntarily dismissed its appeal in the Fifth Circuit Court of Appeals. In its motion for voluntary dismissal, the NLRB noted that "the Board would like the opportunity to further consider the issues identified in the district court's opinion in the first instance" and that "the Board has several rulemaking petitions on its docket regarding the joint employer issue raising similar issues." *NLRB v. Chamber of Com. of the U.S.*, Case No. 24-40331, ECF No. 30 (July 19, 2024). The Fifth Circuit Court of Appeals granted the NLRB's Motion for Voluntary Dismissal on the same day.

8. On or about August 13, 2024, the NLRB and SEIU filed a joint motion to dismiss SEIU's original action in the D.C. Circuit. As reflected in that

3

joint motion to dismiss, the SEIU's action challenging certain aspects of the 2023 Rule had been mooted by the NLRB's withdrawal of its appeal of the Eastern District of Texas decision vacating the 2023 Rule. *See SEIU v. NLRB*, Case No. 23-1309, Doc. No. 2069613. As a result of that stipulation of dismissal, the D.C. Circuit will not be called upon to resolve the jurisdictional questions underlying this Court's April 30, 2024 Stay of Proceedings. *See* Paragraph 5, *supra*.

9. On August 26, 2024, the Clerk of the Court for the D.C. Circuit issued an Order dismissing the SEIU's Petition. The mandate issued the same day.

10. On or about September 12, 2024, Plaintiff SEIU moved the Court to hold this Litigation in abeyance pending the NLRB's action on petitions for joint-employer rulemaking currently pending before the NLRB. The Court granted SEIU's unopposed Motion.

11. To date, the NLRB has not acted on the petitions for joint-employer rulemaking, and those petitions remain pending before the Board.

12. On or about January 27, 2025, President Trump terminated NLRB Member Gwynne Wilcox. *See Wilcox v. Trump*, Mem. Op., ECF No. 35, Case No. 25-334 (D.D.C. March 6, 2025). As a result of the President's action terminating Wilcox, the NLRB was without a quorum, rendering it unable to act on the petition for joint-employer rulemaking still pending before it. *See NLRB v. Noel Canning*, 573 U.S. 513 (2014).

13. On or about March 6, 2025, Judge Beryl Howell of the U.S. District Court for the District of Columbia entered an order that, *inter alia*, declared that the termination of Wilcox was unlawful and ordered that "Wilcox shall continue to serve as a member of the NLRB until her term expires pursuant to 29 U.S.C. § 153(a), unless she is earlier removed 'upon notice and hearing, for neglect of duty or malfeasance in office.'" *Wilcox v. Trump*, Mem. Op., ECF No. 34, Case No. 25-334.

14. Later on March 6, 2025, President Trump and NLRB Chairman Kaplan, the official-capacity Defendants in *Wilcox v. Trump*, filed a Notice of Appeal stating their intent to seek an immediate administrative stay of the order. *Wilcox v. Trump*, ECF No. 38, Case No. 25-334.

## STATUS REPORT

15. Because the NLRB has not, to date, acted on the pending petition for joint-employer rulemaking, and because the NLRB's ability to act on that petition is uncertain in light of the pending *Wilcox v. Trump* matter, the Plaintiffs do not seek a further stay of this Litigation pending the NLRB's action on the petition.

16. The parties have conferred concerning the needs of the case, and they do not anticipate that either Plaintiffs or Defendants will require discovery, since rulemaking challenges are generally decided on the basis of the administrative record. The NLRB's position is that this Court lacks subject-matter jurisdiction

over Plaintiff's challenge to the 2020 Rule. If this case is not first dismissed or transferred to the D.C. Circuit based on the lack of subject-matter jurisdiction, then the parties anticipate filing cross-motions for summary judgment in their favor.

17. Accordingly, the parties respectfully request that the Court convene a scheduling conference to set a briefing schedule concerning (i) the pending motion to intervene filed by the proposed intervenors, *see* ECF No. 26, and (ii) the intended motions to be filed by NLRB and Plaintiffs.

WHEREFORE, the parties respectfully request that the Court convene a scheduling conference to set a briefing schedule concerning pending motions and the parties' intended dispositive motions.

Dated: March 12, 2025

Respectfully submitted,

| | |
|---|---|
| */s/ Adam Bellotti* | */s/ Christine Flack* |
| Leon Dayan | *Supervisory Attorney* |
| Adam Bellotti | (No official bar number in Maryland) |
| BREDHOFF & KAISER P.L.L.C. | Tel: (202) 273-2842 |
| 805 15th Street N.W., Suite 1000 | Fax: (202) 273-4244 |
| Washington, D.C. 20005 | christine.flack@nlrb.gov; ccslb@nlrb.gov |
| Tel: (202) 842-2600 | |
| Fax: (202) 842-1888 | Kevin P. Flanagan |
| abellotti@bredhoff.com | *Deputy Assistant General Counsel* |
| ldayan@bredhoff.com | (No official bar number in Maryland) |
| | Tel: (202) 273-2938 |
| John D'Elia | kevin.flanagan@nlrb.gov |
| Service Employees International Union | |
| 1800 Massachusetts Avenue N.W. | National Labor Relations Board |
| Legal Department, Floor 6 | Contempt, Compliance, and Special Litigation Branch |
| Washington, D.C. 20036 | 1015 Half St. SE |
| Tel: (202) 730-7168 | Washington, D.C. 20003 |
| john.delia@seiu.org | |
| | *Counsel for Defendants* |
| *Counsel to the Plaintiff* | |