IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SERVICE EMPLOYEES INTERNATIONAL UNION,<br><br>                Plaintiff,<br>v.<br><br>NATIONAL LABOR RELATIONS BOARD, *et al.*,<br><br>                Defendants. | Case No. 21-cv-2443-RC |

**JOINT MOTION TO VACATE SCHEDULING ORDER AND
HOLD CASE IN ABEYANCE**

Plaintiff, Service Employees International Union ("SEIU"), and Defendants, the National Labor Relations Board, *et al.* ("NLRB") (collectively, "the Parties") jointly move this Court to vacate the Scheduling Order and hold this case in abeyance pending resolution of SEIU's Petition for Review in the United States Court of Appeals for the District of Columbia Circuit.

In support of this Motion, the Parties state as follows:

1. On September 17, 2021, SEIU filed a Complaint for Declaratory Judgment and Injunctive Relief against the NLRB, challenging its Final Rule on Joint Employer Status Under the National Labor Relations Act, 85 Fed. Reg.

11184 (Feb. 26, 2020) (codified at 29 C.F.R. § 103.40 (2020)) ("Final Rule"). ECF No. 1 ¶ 1.

2. On December 6, 2021, the Chamber of Commerce of the United States of America and the International Franchise Association (Proposed Intervenors) moved to intervene in this case. ECF No. 26.

3. By Minute Order dated January 1, 2022, the case was stayed. Based on repeated unopposed motions and interim status reports filed by the NLRB, the Court extended the stay for more than three years. However, the stay was lifted by Minute Order dated March 12, 2025.

4. One of the issues presented in this case is the proper locus for judicial review of NLRB rules governing unfair-labor-practice cases. The position of the NLRB is that only the circuit courts of appeals have subject-matter jurisdiction to review the Final Rule. SEIU takes no position as to the proper locus of subject-matter jurisdiction, but does not object to its challenge to the Final Rule being heard before the courts of appeals in the first instance.

5. On March 26, 2025, the Court issued the Parties' proposed Scheduling Order stating, in relevant part, that "[t]hirty (30) days after the Court rules on the Motion to Intervene, the NLRB's Motion to Transfer to the D.C. Circuit for Lack of Subject-Matter Jurisdiction is due." ECF No. 62 ¶ 5.

6. On April 2, 2025, the Proposed Intervenors filed an unopposed motion to withdraw their motion to intervene. ECF No. 63.

7. By Minute Order dated April 3, 2025, the Court granted the Proposed Intervenors' motion to withdraw and denied their motion to intervene as moot.

8. Per the Scheduling Order, the NLRB's Motion to Transfer the case to the D.C. Circuit would now be due by May 5, 2025.

9. In April 2025, the Parties conferred via email and telephone. They agree that instead of the NLRB filing a Motion to Transfer by May 5, 2025, SEIU would directly petition the D.C. Circuit for review of this case before that time.

10. The Parties also agreed that SEIU would file a Joint Motion to hold this case in abeyance with the Court while its Petition for Review was pending in the D.C. Circuit.

11. SEIU filed its Petition for Review in the D.C. Circuit on May 2, 2025.

12. Judicial economy and the avoidance of undue delay counsel in favor of halting further proceedings here pending final disposition of SEIU's Petition for Review by the D.C. Circuit. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to grant a stay, a court must "'weigh competing interests' . . . in judicial economy and any possible

hardship to the parties." *Belize Soc. Dev. Ltd. v. Govt. of Belize*, 668 F.3d 724, 732-32 (D.C. Cir. 2012) (quoting *Landis*, 299 U.S. at 254-55). Staying a lawsuit to await the outcome of another is an "exercise of a sound discretion . . . especially where the parties and the issues are the same." *Am. Life Ins. Co. v. Stewart*, 300 U.S. 203, 215 (1937).

13. Here, the NLRB has already articulated its position that the D.C. Circuit has subject-matter jurisdiction. *See* March 12, 2025 Joint Status Report, ECF No. 57 ¶ 16. Judicial economy favors presenting that forum with an opportunity to decide the jurisdictional question, thereby avoiding additional and potentially needless briefing on the same question here. The D.C. Circuit action involves the same parties and issues, further favoring a stay. *See Am. Life Ins. Co.*, 300 U.S. at 215. The interest of hardship to the parties also favors a stay, as the parties jointly move to stay proceedings.

14. The Parties hereby move this Court to vacate the Scheduling Order [ECF No. 62] and hold this case in abeyance while SEIU's Petition for Review is pending.

15. The Parties further move this Court to direct the filing of a status report 30 days after mandate issues in the proceeding arising from SEIU's Petition for Review in the D.C. Circuit.

4

WHEREFORE, the Parties respectfully request that the Court vacate the Scheduling Order and hold the current litigation in abeyance while its Petition for Review in the D.C. Circuit is pending.

Respectfully submitted,

NATIONAL LABOR RELATIONS BOARD

National Labor Relations Board
Contempt, Compliance, and Special Litigation Branch
1015 Half St. SE
Washington, DC 20003
ccslb@nlrb.gov

Kevin P. Flanagan, *Deputy Assistant General Counsel*
(No official bar number in Maryland)
Tel: (202) 273-2938
kevin.flanagan@nlrb.gov

Paul A. Thomas, *Supervisory Attorney*
CA Bar No. 2800445
Tel: (202) 273-3788
paul.thomas@nlrb.gov

Phillip H. Melton, *Attorney*
TX Bar No. 24105346
Tel: (202) 273-3834
phillip.melton@nlrb.gov

Craig Ewasiuk, *Attorney*
D.C. Bar No. 1044296
Tel: (202) 840-7258
craig.ewasiuk@nlrb.gov

*Counsel for Defendants, with Permission*

/s/ Adam Bellotti
Adam Bellotti
Grace Rybak*
BREDHOFF & KAISER PLLC
805 15th Street NW, Suite 1000
Washington, D.C. 20005
(202) 842-2600
abellotti@bredhoff.com
grybak@bredhoff.com

Steven Ury
John D'Elia
Service Employees International Union
1800 Massachusetts Avenue, N.W.
Legal Department, Floor 6
Washington, D.C. 20036
(202) 730-7168
john.delia@seiu.org

*Counsel to Plaintiff*

*Petition for admission pending